IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:24-CV-00076-M-RN

CAROL MOORE,

    Plaintiff,

v.

FRANK J. BISIGNANO
*Commissioner of Social Security*,

    Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert T. Numbers, II. DE 16. Judge Numbers recommends that this court affirm the final decision of the Commissioner. DE 16 at 15. Plaintiff filed a timely objection to the M&R, claiming that the ALJ's RFC calculation was not supported by supported by substantial evidence. DE 17 at 1.

## I. Standard of Review

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); accord Mathews v. Weber, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any

explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Security Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). Evidence is substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This does not require "a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Instead, the evidence must be "more than a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Although a court should not "reflexively rubber-stamp the ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. It is enough for the reviewing court' to ensure that the ALJ "buil[t] an accurate and logical bridge from the evidence to their conclusions." *Id.* (cleaned up).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. See *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## II. Analysis

Plaintiff does not object to the M&R's "Background," "Standard for Review of the Commissioner's Final Decision," or "Standard for Evaluating Disability" sections. After careful

2

review and finding no clear error with those sections, the court adopts and incorporates by reference those portions of the M&R as if fully set forth herein. *See Diamond*, 416 F.3d at 315.

Plaintiff contends that the M&R's finding that the ALJ "adequately accounted for Plaintiff's moderate limitation with maintaining concentration, persistence, or pace is not supported by substantial evidence." DE 17 at 1.

The ALJ found that Plaintiff had a moderate limitation in "understanding, remembering or applying information," and in "concentrating, persisting or maintaining pace." DE 8 at 146. After considering these limitations, the ALJ found that Plaintiff had the residual functional capacity to "understand, remember, and carry out simple instructions" and "sustain concentration, attention, and pace sufficient to carry out those simple instructions over the course of an eight-hour workday and at two-hour intervals." *Id.* at 147. Plaintiff argues first that "the M&R did not acknowledge or address [her] argument that the simple instructions limitation accounted for her moderate limitation with understanding, remembering, or applying information and not her moderate limitation with maintaining concentration, persistence or pace." DE 17 at 3-4.

It is true that "an ALJ cannot summarily 'account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work,' because 'the ability to perform simple tasks differs from the ability to stay on task.'" *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (quoting *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)). This principle does not, however, create a per se rule that all moderate limitations in concentration, persistence, or pace must have a corresponding limitation in the RFC. *Id.* Instead, an ALJ may either "(1) include additional limitations in the claimant's RFC to account adequately for the particular mental limitations, or, in the alternative, (2) explain the decision not to limit Plaintiff's RFC further." *Holland v. Comm'r of Soc. Sec. Admin.*, No.

3

1:21-CV-00358-MR-WCM, 2023 WL 2193007 at *3 (W.D.N.C. Jan. 26, 2023) (citing *Shinaberry*, 952 F.3d at 121), *report and recommendation adopted*, No. 1:21-CV-00358-MR-WCM, 2023 WL 2192262 (W.D.N.C. Feb. 22, 2023). Here, the ALJ opted to limit Plaintiff to both simple instructions and two-hour work intervals over the course of an eight-hour workday. DE 8 at 147. Courts within the Fourth Circuit have routinely approved of similar limitations and found them sufficient to account for a moderate limitation in maintaining concentration, persistence, or pace. *See Holland*, 2023 WL 2193007 at *3 (finding that the ALJ's limitation that a plaintiff could "sustain concentration, persistence, and pace for periods of two hours at a time with simple, routine, repetitive tasks" adequately addressed a plaintiff's moderate limitation in maintaining concentration, persistence, or pace); *Shepard v. Comm'r of Soc. Sec. Admin.*, No. CV 5:20-4206-KDW, 2022 WL 807157 at *10 (D.S.C. Mar. 17, 2022) (holding that the ALJ's limitation that a plaintiff could "sustain concentration, persistence, and pace sufficient to perform simple, routine, tasks in two hour increments" properly accounted for the plaintiff's moderate limitations in concentration, persistence, and pace); *Shang v. Saul*, No. 5:19-CV-00582-RN, 2021 WL 9639628, at *5 (E.D.N.C. Mar. 6, 2021) (finding that the ALJ's limitation that a plaintiff could "understand, remember, and carry out simple instructions . . . and sustain concentration for two-hour periods" sufficiently addressed the plaintiff's moderate limitations in concentration, persistence, or pace); *Buckner v. Saul*, No. 1:20-CV-00002-FDW, 2021 WL 467204 at 5* (W.D.N.C. Feb. 9, 2021) (holding that the ALJ did not err in accounting for a plaintiff's limitations in concentration, persistence, and pace by limiting the plaintiff to "an RFC of simple, routine, and repetitive tasks for two hour segments at a time); *Jennifer S. v. O'Malley*, 1:22-CV-985, 2024 WL 1256985, at *6 (M.D.N.C. Mar. 25, 2025) (finding no basis for remand where the ALJ "concluded that, to account for her moderate limitations in concentration, persistence, and pace, [the] [p]laintiff

4

required limitations to 'performing unskilled work consisting of routine tasks, maintaining concentration, persistence, and pace for two-hour periods during the workday'"); *see also Fender v. Berryhill*, No. 1:17-CV-00041-RJC, 2018 WL 1536485, at *7 (W.D.N.C. Mar. 29, 2018) (holding that a "two-hour limitation directly addresse[d]" a plaintiff's moderate limitations in concentration, persistence or pace).

In support of her argument, Plaintiff cites *Tucker v. Saul*, No. 1:18CV481, 2019 WL 3581795, at *5 (M.D.N.C. Aug. 6, 2019), *report and recommendation adopted*, No. 1:18CV481, 2019 WL 5783544 (M.D.N.C. Aug. 26, 2019). The court in *Tucker* held that an RFC's reference to "concentrating on a task for two hours a time before changing tasks or being redirected," absent further explanation, failed to adequately account for a moderate limitation on the ability to stay on task. *Id.* Plaintiff seemingly argues that, since the *Tucker* plaintiff's moderate limitation on his ability to stay on task was not adequately resolved by a two-hour limitation, her limitation must not be resolved by a two-hour limitation either. However, her situation is distinguishable from the plaintiff in *Tucker*. Unlike the plaintiff in *Tucker*, whose only non-exertional limitation was a two-hour work limitation, Plaintiff's non-exertional limitations also include a mandate for simple, routine tasks. In fact, the court in *Tucker* explicitly faulted the ALJ for including the two-hour limitation without any mental restrictions. *See id.* at 6. Plaintiff's reliance on *Tucker* is thus inapposite.

Conversely, Plaintiff also cites two additional cases to support the assertion that a simple instruction limitation, without more, is inadequate to address a moderate limitation in concentration, persistence, or pace: *Russel H. v. Kijakazi*, No. CV 5:22-01616-KDW, 2023 WL 4101543 (D.S.C. June 21, 2023), and *Angela H. v. Kijakazi*, No. CV 2:22-01116-MGB, 2023 WL 8261677 (D.S.C. Aug. 11, 2023). In both cases, the plaintiffs argued successfully that the ALJ

5

had failed to properly account for their moderate limitations in maintaining concentration, persistence, and pace. *See Russel H.*, 2023 WL 4101543 at \*8, and *Angela H.*, 2023 WL 8261677 at \*7. As above, however, both cases are distinguishable from the case at bar. In *Russel H.*, the ALJ limited the plaintiff to "short, simple instructions and simple, routine, repetitive work." *Russel H.*, 2023 WL 4101543 at \*6. In *Angela H.*, the limitation was to work that "required understanding, remembering, and carrying out 'unskilled, routine tasks, involving simple work-related decisions, occasional independent judgment skills and occasional workplace changes.'" *Angela H.*, 2023 WL 8261677 at \*7. Neither case involved an additional limitation to two-hour intervals, which courts in the Fourth Circuit have repeatedly held to be sufficient in conjunction with a simple instruction limitation. *See, e.g., Holland v. Comm'r of Soc. Sec. Admin.*, No. 1:21-CV-00358-MR-WCM, 2023 WL 2193007 at \*3 (W.D.N.C. Jan. 26, 2023), *report and recommendation adopted*, No. 1:21-CV-00358-MR-WCM, 2023 WL 2192262 (W.D.N.C. Feb. 22, 2023). Thus, for the same reason that Plaintiff's reliance on *Tucker* is ineffective, so too is her reliance on *Russel H.* and *Angela H.*

Between *Tucker*, *Russel H.*, and *Angela H.*, Plaintiff attempts to argue that each of the ALJ's dual limitations, on their own, are insufficient address her moderate limitation in maintaining concentration, persistence, and pace. This ignores the fact that the ALJ's limitations were meant to act in concert.[1] Recognizing this, the court finds the simple instruction limitation, coupled with the two-hour interval limitation, is adequate to account for Plaintiff's moderate limitations. *See, e.g., Holland v. Comm'r of Soc. Sec. Admin.*, No. 1:21-CV-00358-MR-WCM,

---

[1] Plaintiff suggests that "the simple instruction limitation accounted for her moderate limitation with understanding, remembering, or applying information and not her moderate limitation with maintaining concentration, persistence, or pace." DE 17 at 4. This argument is belied by the ALJ's explicit finding that both the simple instruction and two-hour interval limitations were sufficient to allow Plaintiff to "sustain *concentration, attention and pace*." DE 8 at 147.

6

2023 WL 2193007 at *3 (W.D.N.C. Jan. 26, 2023), *report and recommendation adopted*, No. 1:21-CV-00358-MR-WCM, 2023 WL 2192262 (W.D.N.C. Feb. 22, 2023).

Plaintiff argues further that, even assuming that the imposed limitations could be sufficient, the ALJ failed to "offer any explanation forming a bridge" from the evidence to the conclusion. DE 17 at 2. Rather, she argues that Judge Numbers attempted "to collect bricks and build the bridge for the ALJ," making the M&R's finding a "*post hoc* rationalization." *Id.*

An ALJ must build "an accurate and logical bridge from the evidence to their conclusions." *Arakas*, 983 F.3d at 95. Here, the ALJ did just that. To start, the ALJ detailed the results of Plaintiff's psychological consultative examination, wherein she was described as having "intact recent memory, but extremely low delayed recall and impaired attention span." DE 8 at 149. The ALJ further discussed how, in the same examination, Plaintiff was diagnosed with "major depressive disorder" and was found capable of understanding, retaining, and following instructions; sustaining attention to perform simple and repetitive tasks; and relating to others, but "could not tolerate the stress and pressure of daily work tasks." *Id.* Based on this, the ALJ found that "the claimant can understand, remember and carry out simple instructions as well as sustain concentration, attention and pace sufficient to carry out those simple instructions over the course of an eight-hour workday and at two-hour intervals given her consistent reports of irritability and reduced concentration, and prescribed psychotropic medications." *Id.* at 150. Because these limitations are directly responsive to the medical findings detailed above, the ALJ's explanation created a logical bridge between Plaintiff's limitations and the RFC.

Therefore, the court ADOPTS the M&R in full and AFFIRMS the final decision of the Commissioner. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant,

7

forward a copy of this order to Claimant and counsel of record, and close this case.

SO ORDERED this __10th__ day of July, 2025.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE